United States District Court
Southern District of Texas

**ENTERED**

December 02, 2022

Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IberiaBank, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-16-1933 |
| | § | |
| James M. Mitchum, et al., | § | |
| Defendants. | § | |

### ORDER

Pending before the court are Defendants' motions to quash and for protective order. ECF Nos. 46, 48. Defendants are seeking to prevent post-judgment discovery with respect to several Fidelity Brokerage Services accounts, which Defendants maintain are exempt from garnishment. The motions are **DENIED.**

On August 22, 2017, the court entered an Agreed Final Judgment awarding IberiaBank $331,603.68 in damages plus pre- and post-judgment interest and costs. ECF No. 36. Storey Mountain, LLC, as assignee of the judgment, initiated a separate garnishment proceeding, and the court entered an order granting Story Mountain's application for writs of garnishment. *Storey Mountain, LLC v. JPMorgan Chase Bank, N.A., et al.*, 4:22-MC-524, ECF No. 17 (S.D. Tex. July 12, 2022). Storey Mountain served the writ on Fidelity Brokerage Services, LLC, which identified numerous accounts in the name of Mary Katherine Weldon-

Mitchum, James Michael Mitchum, and the Mary Katherine Weldon Trust. *Id.* at ECF No. 27. Fidelity stated in its answer that several of the accounts are exempt from the writ because they are Roth IRA and IRA accounts. *Id.* Defendants maintain that the accounts in the name of the Mary Katherine Weldon Trust are also exempt because the funds belong to the trust, not the Defendants. ECF No. 48.

Storey Mountain now seeks discovery from Fidelity pertaining to the purportedly exempt accounts. Storey Mountain seeks to discover information about how the accounts were opened, how they were funded, whether the IRA accounts truly qualify as exempt under the Internal Revenue Code, and other information that would confirm or dispel the notion that the subject accounts are exempt from the writ. Under Federal Rule of Civil Procedure 69(a)(2), Storey Mountain "may obtain discovery from any person—including the judgment debtor—as provided in [the federal rules]." The court concludes that allowing the requested discovery, subject to any objections served by Fidelity, places no burden on Defendants. Allowing discovery does nothing more than aid the court and the parties to determine whether the subject accounts are, in fact, exempt from the writ—a central issue in the garnishment proceeding.

The pending motions to quash and for protective order, ECF Nos. 46, 48, are therefore **DENIED**. Fidelity shall respond to the discovery requests Storey

Mountain has served on it, subject to Fidelity's objections. The court does not take

any position on Fidelity's objections at this time.


Signed at Houston, Texas, on *December 2*, 2022.

_____

Peter Bray

United States Magistrate Judge